## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | |
|---|---|
| VANESSA TYNDALL, | ) |
| | )   CIVIL ACTION |
| PLAINTIFF, | )   FILE NO. |
| | )   **Jury Trial Demanded** |
| | ) |
| V. | ) |
| | ) |
| COMPANION SECURITY GROUP, LLC., | ) |
| | ) |
| DEFENDANT. | ) |

### PLAINTIFF VANESSA TYNDALL'S COMPLAINT

COMES NOW, Plaintiff Vanessa Tyndall who files her Complaint against Defendants COMPANION SECURITY GROUP LLC. and/or after a merger using the name of "AEVEX Aerospace" (or AEVEX Intelligence Solutions) at the following address: 214 Burgess Street, Fayetteville, North Carolina 28301 (hereafter "Defendant") and alleges as follows:

### I. Nature of Complaint

1.

Plaintiff seeks to recover unpaid work time, unpaid overtime, liquidated damages and attorney's fees and costs for all hours worked in excess of 40 hours in

a single workweek which lack of payments are alleged violations of the Fair Labor Standards Act, 29 U.S.C. Secs. 203, et. seq. (hereafter "FLSA").

## II.   JURISDICTION AND VENUE

2.

This Court has original jurisdiction over cases brought to recover unpaid overtime pursuant to the FLSA which provides, inter alia, that "[a]n action to recover ... may be maintained ... in any Federal or State court of competent jurisdiction," 29 U. S. C. §216(b).

3.

Plaintiff resides at 310 Country Glen Court, Grovetown, Columbia County, Georgia 30813, within the geographic boundary of the United States District Court, Southern District of Georgia, Augusta Division.

4.

Plaintiff has been employed by Defendant from June 01, 2018 to January 3, 2021, at her home office at 310 Country Glen Court, Grovetown, Georgia 30813, and at 24701 Chamberlain Avenue, Fort Gordon, Georgia 30905, and worked within the geographic boundary of the United States District Court, Southern District of Georgia, Augusta Division.

5.

Plaintiff alleges violations of the FLSA in that (1) she was not paid for all time worked, (2) she was not paid overtime for work performed in excess of 40 hours in a single work week during parts of her employment, and alleges that these violations of the FLSA occurred throughout Georgia and her home office of at 310 Country Glen Court, Grovetown, Georgia 30813, within the geographic boundary of the United States District Court, Southern District of Georgia, Augusta Division.

6.

A substantial part of the alleged actions and omissions that give rise to Plaintiff's FLSA claims against Defendant are alleged to have occurred within the geographic boundary of the United States District Court, Southern District of Georgia, Augusta Division, such that venue in this Court is proper pursuant to 28 U.S.C. Sec. 1367.

### III.  PARTIES AND FACTS

7.

Plaintiff was employed by Defendant from June 01, 2018 until January 17, 2021, within the meaning of the FLSA, 29 U.S.C. Sec. 203(e).

8.

During the dates alleged in paragraph 7 of this Complaint, Plaintiff was an employee of Defendant, who was an employer engaged in interstate commerce within the meaning of 29 U.S.C. Sec. 207 (a).

9.

Plaintiff was paid an hourly wage as a Junior FMV Analyst by Defendant.

10.

Plaintiff was not paid overtime in her position as a Junior FMV Analyst by Defendant.

11.

During her employment, Plaintiff was entitled to overtime pay at a rate of 1 ½ times her Regular Rate of pay for hours in excess of 40 hours in a single work week under the FLSA.

12.

During her employment, Plaintiff's Regular Rate of Pay should have included any shift differential, or extra pay for night work or weekend work.

13.

During her employment, Plaintiff's received in addition to her hourly rate additional compensation properly characterized as shift differential, or extra pay for night work or weekend work.

14.

Plaintiff was not exempt under the executive, administrative or professional exemptions of the FLSA, in part, because she was not paid on a salary basis.

15.

Even though Plaintiff and other FMV Analysts worked more than forty hours in some weeks, Defendant failed to pay Plaintiff and its other FMV Analysts for all the time that they work.

16.

FMV Analysts are instructed by Defendant that they are not entitled to overtime compensation.

17.

Plaintiff and other FMV Analysts have been denied overtime compensation, even when they worked in excess of forty hours per week.

18.

Plaintiff was paid an hourly rate and did not receive commissions.

19.

Plaintiff was not exempt from the overtime requirements of the FLSA under the executive exemption because Plaintiff's primary duty was not managing the enterprise or managing a customarily recognized department or subdivision of the enterprise.

20.

Plaintiff was not exempt from the overtime requirements of the FLSA under the executive exemption because Plaintiff did not customarily and regularly direct the work of at least two other full-time employees or the equivalent.

21.

Plaintiff was not exempt from the overtime requirements of the FLSA under the executive exemption because Plaintiff did not have the authority to hire or fire other employees or have her suggestions and recommendations regarding the hiring, firing, advancement, promotion, or any other change in status of other employees be given particular weight.

22.

Plaintiff was not required to have an academic degree in a filed directly related to the employee's occupation.

23.

Plaintiff was not required to maintain any form of professional license by Defendant.

24.

Plaintiff's primary duty is not to exercise discretion and independent judgment of a professional as defined by the FLSA or U.S. Department of Labor Regulations.

25.

Plaintiff was not exempt from the overtime requirement of the FLSA as a learned professional.

26.

Plaintiff's primary duty is not the performance of office or non-manual work directly related to the management or general business operations of the employer or the employers' customers'.

27.

Plaintiff was not exempt from the overtime requirements of the FLSA under the Administrative Exemption.

28.

Defendant does not accurately record or keep all the work time FMV Analysts work, but instead only tracks the time that may be charged under government contract(s) to clients of Defendant.

29.

FMV Analysts are commonly unable to complete their required job duties without working in excess of forty hours per week. Defendant knew or had reason to know that FMV Analysts worked overtime.

30.

The net effect of Defendant's policy and practice instituted and approved by company managers is that Defendant willfully fails to pay overtime compensation and willfully fails to keep accurate time records to save payroll costs. Defendant enjoys ill-gained profits at the expense of its employees.

## COUNT I
## VIOLATIONS OF THE FLSA

31.

Plaintiff reasserts and re-alleges the allegations set forth above.

32.

At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

33.

The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

34.

Defendant is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

35.

Defendant violated the FLSA by failing to pay for overtime. In the course of perpetrating these unlawful practices, Defendant has also willfully failed to keep accurate records of all hours worked by its employees.

36.

Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff or FMV Analysts.

37.

Plaintiff and all similarly situated employees are victims of a uniform and company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all FMV Analysts employed by Defendant. Upon information and belief, Defendant has applied this uniform policy to all FMV Analysts nationwide.

38.

Plaintiff and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard of the fact, that its conduct was prohibited by the FLSA.

39.

Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a

result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime pay, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

40.

As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

41.

Defendant's failure to pay Plaintiff for all work which Defendant knew or should have known was performed by Plaintiff and failure to pay overtime for hours worked in excess of forty in a single work week, constitute willful violations of the FLSA within the meaning of 29 U.S.C. sec. 255(a) such that that the appropriate statute of limitations to be applied to Defendant's violations is a three-year period.

42.

Defendant's failure to pay Plaintiff for time worked during lunch periods where Plaintiff did not have an uninterrupted 30-minute period where no work was performed, for drug screening, and for additional work after scheduled shifts waiting for the next employee to arrive or checking e-mails or other work related tasks after a scheduled shift, constitutes a violation of the minimum wage provisions of the FLSA.

43.

Defendant failure to pay Plaintiff for all time worked, and its failure to pay Plaintiff for all time worked in excess of forty-hours in a single work week at the proper overtime rate, constitutes a violation of the overtime provisions of the FLSA.

44.

Defendant was aware of its duty to comply with the FLSA during the times of Plaintiff's employment with Defendant.

45.

Defendant's failure to pay Plaintiff for all work which Defendant knew or should have known was performed by Plaintiff and failure to pay overtime for hours worked in excess of forty in a single work week, constitute willful violations of the

FLSA within the meaning of 29 U.S.C. sec. 255(a) such that that the appropriate statute of limitations to be applied to Defendant's violations is a three-year period

## COUNT II
## BREACH OF CONTRACT

46.

Plaintiff incorporates by reference as if fully restated here, the preceding Paragraphs of Plaintiff's Complaint.

47.

Defendant's failure to pay Plaintiff for all hours worked at the agreed hourly rates constitutes a breach of contract by Defendant of an agreement to pay Plaintiff for all time worked at an agreed hourly rate consistent with FLSA regulations.

48.

Plaintiff is entitled to recover from Defendant breach of contract damages at her agreed hourly rate for all time worked even if the work could not be charged to Defendant's client(s) under government contracts.

## PRAYER FOR RELIEF

49.

Wherefore, Plaintiff Vanessa Tyndall requests a jury trial and damages in the form of (1) an award of award of back pay for unpaid time for Defendant's breach

of contract, and (2) for violations of the FLSA: unpaid work time in violation of the minimum wage, unpaid overtime, an award of liquidated damages in an equal amount, and an award of attorney's fees and costs.

Submitted this _3rd_ day of _February_, 2021.

*s/ Donald W. Benson*
Donald W. Benson
Georgia Bar No. 052350
**KENNETH S. NUGENT, P.C.**
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
(770) 820-0817
(770) 820-0717 (facsimile)
dbenson@attorneykennugent.com

*s/ M. Brian Clements*
M. Brian Clements
Georgia Bar No. 130098
**KENNETH S. NUGENT, P.C.**
One Bull Street, Suite 400
Savannah, GA 31401
(912) 447-5984
(912) 447-0192 (facsimile)
bclements@attorneykennugent.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

| | |
|---|---|
| **VANESSA TYNDALL,** | ) |
| | )  CIVIL ACTION |
| **PLAINTIFF,** | )  FILE NO. |
| | )  **Jury Trial Demanded** |
| | ) |
| **V.** | ) |
| | ) |
| **COMPANION SECURITY** | ) |
| **GROUP, LLC.,** | ) |
| | ) |
| **DEFENDANT.** | ) |

## CERTIFICATE OF SERVICE

Plaintiff Vanessa Tyndall provides a copy of this Complaint along with two copies of a Waiver of Service of Process form and a pre-addressed, pre-paid envelope to the Registered Agent for Service of Process for Defendant on this date by U. S. Mail addressed as follows:

Companion Security Group, LLC
c/o National Registered Agents, Inc.
10 Fayetteville Street
Raleigh, North Carolina 27601

{Signature found on next page.}

Submitted this 3rd day of February, 2021.

*s/ Donald W. Benson*
Donald W. Benson
Georgia Bar No. 052350
**KENNETH S. NUGENT, P.C.**
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
(770) 820-0817
(770) 820-0717 (facsimile)
dbenson@attorneykennugent.com

*s/ M. Brian Clements*
M. Brian Clements
Georgia Bar No. 130098
**KENNETH S. NUGENT, P.C.**
One Bull Street, Suite 400
Savannah, GA 31401
(912) 447-5984
(912) 447-0192 (facsimile)
bclements@attorneykennugent.com

*Attorneys for Plaintiff*