**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| **LARRY TYNDALL and** | ) | |
| **VANESSA TYNDALL** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action File** |
| **v.** | ) | **No.1:21-CV-016** |
| | ) | |
| **COMPANION SECURITY GROUP,** | ) | |
| **LLC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENTS AND DISMISSAL WITH PREJUDICE

### 1. INTRODUCTION

Plaintiffs Vanessa and Larry Tyndall ("Plaintiffs") and Defendant Companion Security Group, LLC. ("CSG" or "Defendant") (collectively, the "Parties") jointly notify the Court that they have resolved this action and all claims alleged in Plaintiffs' Complaint, and hereby stipulate to the voluntary dismissal with prejudice of this case in its entirety under Fed. R. Civ. P. 41(a), subject to the conditions agreed upon by the Parties and explained in detail herein.

Given Plaintiffs' Complaint alleges causes of actions arising under the Fair Labor Standards Act ("FLSA"), the Parties also jointly move the Court as follows:

1

(1) for an Order[1] approving the Parties' Settlement Agreements; and (2) to provide that all claims brought in this case shall stand and be automatically dismissed, with prejudice after 21 days if neither Party moves to reopen the case.

## II. PROCEDURAL BACKGROUND

Plaintiffs filed their Amended Complaint on June 16, 2021, alleging 1) failure to pay overtime wages, in violation of the FLSA; and 2) attorney's fees. (Dkt. 43.)

Thereafter, the Parties, through counsel, engaged in an exchange of information, as well as settlement negotiations. The Parties have reached an agreement to settle this case, and now seek the Court's approval of the negotiated Settlement Agreements, as well as an Order governing the final resolution of this case.

## III. STANDARD FOR SETTLEMENT APPROVAL

An employee may settle and release FLSA claims against his former employer where the parties present the district court with a proposed settlement, and the district court enters an Order approving same. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Indeed, district courts are authorized to approve settlements of FLSA claims where the proposed settlement agreement reflects a reasonable compromise resolving the issues in dispute, including but not limited to

---

[1] Attached hereto as Exhibit A.

the applicability of FLSA coverage and/or computation of back wages owed, if any.

*Id.* at 1354.

## IV. THE COURT SHOULD APPROVE THE PARTIES' SETTLEMENT AGREEMENTS

Plaintiff Larry Tyndall contends that he is owed approximately $5,276.32 in unpaid wages, as well as $5,276.32 in liquidated damages. Plaintiff Vanessa Tyndall contends that she is owed approximately $5,597.43 in unpaid wages, as well as $5,597.43 in liquidated damages. The Parties have each agreed to a settlement, inclusive of attorney fees and costs, that represents a reasonable compromise of the legal and factual issues in dispute.[2]

The Parties' settlements include allocation of the settlement proceeds into three parts: a) Wages (less costs) to each Plaintiff in the amount of $7,800.000; b) Damages to each Plaintiff in the amount of $7,800.00; and c) Fees and cost reimbursement in the amount of $10,400 to Cohan Law Group on behalf of each Plaintiff (equaling a total of $20,800).[3] The Parties are not requesting for the Court to award attorneys' fees or costs over and above the settlement payments, but merely to approve the voluntary settlements agreed to by the Parties. The parties believe

---

[2] The settlement proceeds, attorney fees, and costs are described in each Plaintiff's separate Settlement Agreement that the Parties submit for this Court's approval attached hereto as Exhibits B and C.

[3] Attached as Exhibit D is detailed report of the time incurred, billing rates, names of counsel, and amounts supporting the fee/cost allocations in this case.

that the allocation reflected in their settlement agreements is both fair and reasonable as further supported by the attached Exhibit D. The Parties request the Court to approve the allocation of the settlement proceeds.

Moreover, the Parties were represented by experienced counsel through this litigation, and pursuant to each Settlement Agreement, Plaintiffs will voluntarily release all claims against CSG in exchange for sufficient consideration.

## V. THE COURT SHOULD DISMISS THE CASE AS FOLLOWS

When approving the Parties' Settlement Agreements, the Court should also allow the Parties 21 days to complete their settlements, including agreed upon payments, and during which time either Party may, if the other Party breaches, seek relief from this Court. If neither party seeks relief from the Court within the said twenty-one (21) days then all claims brought or that could have been brought in the case shall be and stand automatically dismissed, with prejudice at the conclusion of the 21-day period.

## VI. CONCLUSION

Based on the foregoing, the Parties respectfully request an Order[4]: (1) approving the Parties' Settlement Agreements; and (2) providing that all claims brought or that

---

[4]     A Proposed Order is attached hereto as Exhibit A.

could have been brought in this case shall stand and be automatically dismissed, with prejudice after 21 days if neither Party moves to reopen the case.

Respectfully submitted, this the 7th day of January, 2022.

_s/ Louis R. Cohan_
Louis R. Cohan
Georgia Bar No. 173357
lcohan@cohanlawgroup.com
COHAN LAW GROUP, LLC
3340 Peachtree Road, N.E.
Tower 100, Suite 2570
Atlanta, Georgia 30326
(404) 891-1770 (p)
(404) 891-5094 (f)

*Counsel for Plaintiffs*

_s/ Jeffrey J. Costolnick_
Jeffrey J. Costolnick
Georgia Bar No. 637168
C. Garner Sanford, Jr.
Georgia Bar No. 005020
jeffrey.costolnick@ogletree.com
garner.sanford@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
191 Peachtree Street, NE, Suite 4800
Atlanta, Georgia 30303
Telephone: 404.881.1300
Fax: 404.870.1732

*Counsel for Defendant*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| **LARRY TYNDALL and** | ) | |
| **VANESSA TYNDALL** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action File** |
| **v.** | ) | **No.1:21-CV-016** |
| | ) | |
| **COMPANION SECURITY GROUP,** | ) | |
| **LLC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## [PROPOSED] ORDER GRANTING JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

Upon application of the Parties and the Court's review of the Parties' Settlement Agreements, the Court concludes that the terms of the Parties' Settlement Agreements are reasonable and satisfactory. Therefore, the Court hereby Orders that the Parties' Settlement Agreements, attached as Exhibits B and C to the Joint Motion, is approved.

The Court further Orders that if neither party seeks additional relief from this Court within twenty one (21) days following entry of this ORDER then all claims brought or that could have been brought in the case shall be automatically dismissed with prejudice.

**IT IS SO ORDERED.**

This the _____ day of _____, 2022.

_____
United States Magistrate Judge
Southern District of Georgia

# EXHIBIT B

<u>**SETTLEMENT AND RELEASE AGREEMENT**</u>

This Settlement and Release Agreement (the "Agreement") is made by and between, **LARRY TYNDALL**, ("Tyndall"), and **COMPANION SECURITY GROUP, LLC.** ("CSG"), both of whom together may sometimes be collectively referred to herein as "the Parties.".

<u>**RECITALS**</u>

WHEREAS, a dispute exists between Tyndall and CSG arising out of or generally relating to Tyndall's employment with CSG;

WHEREAS, on February 3, 2021, Tyndall filed a lawsuit against CSG in the U.S. District Court for the Southern District of Georgia, which by order dated June 2, 2021 was consolidated in the case currently entitled Larry *Tyndall and Vanessa Tyndall v. Companion Security Group, LLC., Case No. 1:21-cv-00016-JRH-BKE* (the "Lawsuit"), asserting violations of the Fair Labor Standards Act;

WHEREAS, the Parties mutually desire to resolve their dispute and to avoid the significant time and expense associated with litigation of the Lawsuit;

WHEREAS, in order to resolve the claims in the Lawsuit, and to avoid the time and expense of continued litigation, the Parties are entering into this Agreement;

NOW, THEREFORE, in consideration of the promises contained herein, the Parties agree as follows

<u>**AGREEMENT**</u>

1.     <u>**No Admission of Liability.**</u>  This Agreement should not and will not be construed as an admission of liability or wrongdoing by any party.

2.     <u>**Consideration.**</u>  In exchange for the promises made by and in consideration for all the terms agreed to by Tyndall in this Agreement, CSG agrees to pay Tyndall the total amount of TWENTY SIX THOUSAND DOLLARS ($26,000.00) (the "Settlement Payment").  CSG shall disburse the Settlement Payment as follows:

    a.     One check for $10,400 made payable to Tyndall's attorneys, "Cohan Law Group, LLC," for attorney's fees and costs in the amount of  $10,400.00. CSG will issue IRS Forms 1099 to Cohan Law Group, LLC in connection with this payment;

    b.     One check for $7,800 less amounts CSG is legally required to withhold as payment for Tyndall's alleged unpaid overtime wages, made payable to "Larry Tyndall."  CSG shall issue a Form W-2 to Tyndall in connection with this payment; and

c. One check for $7,800 as payment for Tyndall's alleged liquidated damages and/or interest on back wages, made payable to "Larry Tyndall." CSG shall issue a Form 1099 to Tyndall in connection with this payment.

3. **Timing of Payment.** Time being of the essence as to delivery of the consideration referenced in Paragraph 2, CSG shall cause the consideration referenced in Paragraph 2 to be delivered to Tyndall's counsel so that the consideration is actually received by Tyndall's counsel within three (3) business days after completion of the following events: (i) Tyndall signs this agreement; (ii) the parties file the Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice with the Court ("Joint Motion"); (iii) the Court approves this Agreement; and (v) CSG receives completed Forms W-9 from Tyndall and his counsel, and receives a completed Form W-4 from Tyndall.

**Limited Waiver and Release by Tyndall.** In exchange for and upon timely receipt or depositing, cashing, or retention of the payments set forth above, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Tyndall, and Tyndall's heirs, executors, administrators, successors, and assigns fully and completely waive, release, and forever discharge CSG, and each of its predecessors, successors related companies, divisions, subsidiaries, affiliates, parents, and collectively their respective former, current, and future directors, officers, members, employees, agents, insurers, and representatives (collectively, the "CSG Released Parties"), from any and all claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever that Tyndall may have against any or all of the CSG Released Parties arising out of the claims in the Lawsuit, including all claims that the CSG Released Parties failed to provide Tyndall with any minimum wage or overtime compensation, retaliated against him, or in any other way violated the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et seq*.

4. **Payment of Applicable Taxes.** Except for amounts withheld from the Settlement Payment by CSG for employment taxes, Tyndall is and shall be solely responsible for all federal, state and local taxes that may be owed by Tyndall by virtue of the receipt of any portion of the monetary payment provided under this Agreement.

5. **Transfer of Claims**. Tyndall represents and warrants that Tyndall has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim or the proceeds of any settlement payments under this Agreement.

6. **Consideration of Agreement.** The Parties represent and warrant that they have been encouraged to seek advice from anyone of their choosing, including their attorneys, accountant, or tax advisor prior to signing this Agreement; that this Agreement represents written notice that they do so; that they have been given the opportunity and sufficient time to seek such advice; that they have obtained advice from their counsel about the terms of this Agreement; that they have carefully read and fully understand all of the provisions of this Agreement; and that they are voluntarily entering into this Agreement. Tyndall further represents and warrants that Tyndall was not

coerced, threatened, or otherwise forced to sign this Agreement, and that Tyndall's signature appearing hereinafter is genuine.

7. **Additional Agreements by Tyndall.** Tyndall also acknowledges and agrees that:

   a. Upon receipt of the settlement payments, Tyndall has now been properly paid by CSG for all hours worked, including all hours worked in excess of forty (40) hours per week (and any liquidated damages stemming from any wage claim), in compliance with state and federal law; and

   b. Tyndall is waiving Tyndall's right to participate in any class or collective action against CSG concerning the claims in the Lawsuit.

8. **Knowing and Voluntary Waiver.** The Parties acknowledge and agree that they are and have been represented by legal counsel throughout the dispute, and that they have had sufficient time to consider this Agreement and consult with legal counsel of their choosing concerning its meaning. When entering into this Agreement, the Parties have not relied on any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

9. **Neutral Reference.** CSG agrees to provide any inquiring current or future prospective employer of Tyndall only with information regarding: (a) Tyndall's dates of employment; (b) the last position held by Tyndall; and (c) Tyndall's final rate of pay.

10. **Miscellaneous.**

   a. **Choice of Law.** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Georgia regardless of whether any party is, or may hereafter be, a resident of another state.

   b. **Severability.** The Parties agree that if any phrase, clause, or provision of this Agreement is declared to be illegal, invalid, or unenforceable by a court of competent jurisdiction, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, or provision in this Agreement is deemed to be unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds. If any waiver or release listed in Section 4 and/or 5 above is deemed illegal, invalid, or unenforceable, in whole or in part, the Agreement shall be null and void.

   c. **Entire Agreement.** Except as provided herein, this Agreement constitutes the entire agreement of the Parties concerning the subjects addressed in this Agreement. This Agreement may not be changed or altered, except in writing, signed by all Parties.

d.    **Captions.**  The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience only and shall have no effect on the construction or interpretation of any part of this Agreement.

e.    **Counterparts.** The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed a single instrument.

f.    **Facsimile/Email Signatures.**  Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original.

g.    **Corporate Signatories.**  Each person executing this Agreement, including execution on behalf of CSG, warrants and represents that such person has the authority to do so.

**LARRY TYNDALL**

Date: January 05, 2022

**COMPANION SECURITY GROUP, LLC.**

By: _Edward Lake_

Title: _CFO_

Date: _1-6-2022_

# EXHIBIT C

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is made by and between, **VANESSA TYNDALL**, ("Tyndall"), and **COMPANION SECURITY GROUP, LLC.** ("CSG"), both of whom together may sometimes be collectively referred to herein as "the Parties.".

## RECITALS

WHEREAS, a dispute exists between Tyndall and CSG arising out of or generally relating to Tyndall's employment with CSG;

WHEREAS, on February 3, 2021, Tyndall filed a lawsuit against CSG in the U.S. District Court for the Southern District of Georgia, which by order dated June 2, 2021 was consolidated in the case currently entitled Larry *Tyndall and Vanessa Tyndall v. Companion Security Group, LLC., Case No. 1:21-cv-00016-JRH-BKE* (the "Lawsuit"), asserting violations of the Fair Labor Standards Act;

WHEREAS, the Parties mutually desire to resolve their dispute and to avoid the significant time and expense associated with litigation of the Lawsuit;

WHEREAS, in order to resolve the claims in the Lawsuit, and to avoid the time and expense of continued litigation, the Parties are entering into this Agreement;

NOW, THEREFORE, in consideration of the promises contained herein, the Parties agree as follows

## AGREEMENT

1.  **No Admission of Liability.**  This Agreement should not and will not be construed as an admission of liability or wrongdoing by any party.

2.  **Consideration.**  In exchange for the promises made by and in consideration for all the terms agreed to by Tyndall in this Agreement, CSG agrees to pay Tyndall the total amount of TWENTY SIX THOUSAND DOLLARS ($26,000.00) (the "Settlement Payment").  CSG shall disburse the Settlement Payment as follows:

    a.  One check for $10,400 made payable to Tyndall's attorneys, "Cohan Law Group, LLC," for attorney's fees and costs in the amount of $10,400.00. CSG will issue IRS Forms 1099 to Cohan Law Group, LLC in connection with this payment;

    b.  One check for $7,800 less amounts CSG is legally required to withhold as payment for Tyndall's alleged unpaid overtime wages, made payable to "Vanessa Tyndall." CSG shall issue a Form W-2 to Tyndall in connection with this payment; and

c. One check for $7,800 as payment for Tyndall's alleged liquidated damages and/or interest on back wages, made payable to "Vanessa Tyndall." CSG shall issue a Form 1099 to Tyndall in connection with this payment.

3. **Timing of Payment.** Time being of the essence as to delivery of the consideration referenced in Paragraph 2, CSG shall cause the consideration referenced in Paragraph 2 to be delivered to Tyndall's counsel so that the consideration is actually received by Tyndall's counsel within three (3) business days after completion of the following events: (i) Tyndall signs this agreement; (ii) the parties file the Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice with the Court ("Joint Motion"); (iii) the Court approves this Agreement; and (v) CSG receives completed Forms W-9 from Tyndall and his counsel, and receives a completed Form W-4 from Tyndall.

**Limited Waiver and Release by Tyndall.** In exchange for and upon timely receipt or depositing, cashing, or retention of the payments set forth above, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Tyndall, and Tyndall's heirs, executors, administrators, successors, and assigns fully and completely waive, release, and forever discharge CSG, and each of its predecessors, successors related companies, divisions, subsidiaries, affiliates, parents, and collectively their respective former, current, and future directors, officers, members, employees, agents, insurers, and representatives (collectively, the "CSG Released Parties"), from any and all claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever that Tyndall may have against any or all of the CSG Released Parties arising out of the claims in the Lawsuit, including all claims that the CSG Released Parties failed to provide Tyndall with any minimum wage or overtime compensation, retaliated against him, or in any other way violated the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et seq*.

4. **Payment of Applicable Taxes.** Except for amounts withheld from the Settlement Payment by CSG for employment taxes, Tyndall is and shall be solely responsible for all federal, state and local taxes that may be owed by Tyndall by virtue of the receipt of any portion of the monetary payment provided under this Agreement.

5. **Transfer of Claims**. Tyndall represents and warrants that Tyndall has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim or the proceeds of any settlement payments under this Agreement.

6. **Consideration of Agreement.** The Parties represent and warrant that they have been encouraged to seek advice from anyone of their choosing, including their attorneys, accountant, or tax advisor prior to signing this Agreement; that this Agreement represents written notice that they do so; that they have been given the opportunity and sufficient time to seek such advice; that they have obtained advice from their counsel about the terms of this Agreement; that they have carefully read and fully understand all of the provisions of this Agreement; and that they are voluntarily entering into this Agreement. Tyndall further represents and warrants that Tyndall was not

coerced, threatened, or otherwise forced to sign this Agreement, and that Tyndall's signature appearing hereinafter is genuine.

7.    **Additional Agreements by Tyndall.**  Tyndall also acknowledges and agrees that:

    a.    Upon receipt of the settlement payments, Tyndall has now been properly paid by CSG for all hours worked, including all hours worked in excess of forty (40) hours per week (and any liquidated damages stemming from any wage claim), in compliance with state and federal law; and

    b.    Tyndall is waiving Tyndall's right to participate in any class or collective action against CSG concerning the claims in the Lawsuit.

8.    **Knowing and Voluntary Waiver.**  The Parties acknowledge and agree that they are and have been represented by legal counsel throughout the dispute, and that they have had sufficient time to consider this Agreement and consult with legal counsel of their choosing concerning its meaning.  When entering into this Agreement, the Parties have not relied on any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

9.    **Neutral Reference.**  CSG agrees to provide any inquiring current or future prospective employer of Tyndall only with information regarding: (a) Tyndall's dates of employment; (b) the last position held by Tyndall; and (c) Tyndall's final rate of pay.

10.    **Miscellaneous.**

    a.    **Choice of Law.**  The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Georgia regardless of whether any party is, or may hereafter be, a resident of another state.

    b.    **Severability.** The Parties agree that if any phrase, clause, or provision of this Agreement is declared to be illegal, invalid, or unenforceable by a court of competent jurisdiction, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect.  If any phrase, clause, or provision in this Agreement is deemed to be unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds.  If any waiver or release listed in Section 4 and/or 5 above is deemed illegal, invalid, or unenforceable, in whole or in part, the Agreement shall be null and void.

    c.    **Entire Agreement.**  Except as provided herein, this Agreement constitutes the entire agreement of the Parties concerning the subjects addressed in this Agreement.  This Agreement may not be changed or altered, except in writing, signed by all Parties.

d.     **Captions.**  The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience only and shall have no effect on the construction or interpretation of any part of this Agreement.

e.     **Counterparts.** The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed a single instrument.

f.     **Facsimile/Email Signatures.**  Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original.

g.     **Corporate Signatories.**  Each person executing this Agreement, including execution on behalf of CSG, warrants and represents that such person has the authority to do so.

**VANESSA TYNDALL**

Date: January 05, 2022

**COMPANION SECURITY GROUP, LLC.**

By: _Edward Hahn_

Title: _CFO_

Date: _1-6-22_

# EXHIBIT D

# Activities Export

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|------|------|-------------|--------|------|-----|----------|------------------|--------------|
| 12/22/2021 | 🕐 | Review Order denying settlement / TC with Vanessa / prepare and send email to clients / TC with Larry<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 0.90h | 250.00 | 225.00 | - |
| 11/19/2021 | 🕐 | Call to Judge's clerk/ email to clients.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 0.20h | 250.00 | 50.00 | - |
| 11/01/2021 | 🕐 | Email to LRC.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 0.10h | 250.00 | 25.00 | - |
| 10/25/2021 | 🕐 | email to opposing counsel.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 0.10h | 250.00 | 25.00 | - |
| 10/20/2021 | 🕐 | Call to Judge / Email to clients.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 0.30h | 250.00 | 75.00 | - |
| 10/19/2021 | 🕐 | Call to Judge / Email to clients.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 0.10h | 250.00 | 25.00 | - |
| 10/12/2021 | 🕐 | Call to court/email to clients.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 0.10h | 250.00 | 25.00 | - |
| 09/28/2021 | 🕐 | Email to client.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 0.10h | 250.00 | 25.00 | - |
| 09/23/2021 | 🕐 | Call to clerks office re: settlement agreement.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 0.10h | 250.00 | 25.00 | - |
| 09/09/2021 | 🕐 | Filed Joint Motion for Approval of Settlement. | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 0.60h | 250.00 | 150.00 | - |
| | | | | | **77.70h** | | **$24,495.00**<br>77.7h | **$0.00**<br>0.0h |

| Date ▼ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | 🟡 Non-billable | | | | | | |
| 09/08/2021 | 🕐 | Email to opposing counsel / Finalize Joint Motion.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 0.40h | 250.00 | 100.00 | - |
| 09/07/2021 | 🕐 | Finalized and sent settlement agreements to opposing counsel and clients.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 1.00h | 250.00 | 250.00 | - |
| 09/04/2021 | 🕐 | TC clients (yesterday). Emails to opposing counsel and clients re settlement.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Louis Cohan | 0.40h | 445.00 | 178.00 | - |
| 09/03/2021 | 🕐 | Review, revise and email re settlement.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Louis Cohan | 0.60h | 445.00 | 267.00 | - |
| 09/03/2021 | 🕐 | Settlement correspondence / Review changes to settlement agreement.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 1.00h | 250.00 | 250.00 | - |
| 09/02/2021 | 🕐 | Revise Joint Motion for Settlement / Correspondence.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 1.10h | 250.00 | 275.00 | - |
| 09/01/2021 | 🕐 | Review/research w-9 & w-4 forms for settlement / Settlement correspondence.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 0.40h | 250.00 | 100.00 | - |
| | | | | | **77.70h** | | **$24,495.00** | **$0.00** |
| | | | | | | | 77.7h | 0.0h |

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 08/31/2021 | 🕐 | Email to opposing counsel with settlement docs. <br> 🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 0.20h | 250.00 | 50.00 | - |
| 08/30/2021 | 🕐 | Settlement correspondence with client / Revise Settlement docs. <br> 🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 0.50h | 250.00 | 125.00 | - |
| 08/27/2021 | 🕐 | Review, revise and email settlement agreements. <br> 🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Louis Cohan | 1.00h | 445.00 | 445.00 | - |
| 08/27/2021 | 🕐 | Finalized settlement. <br> 🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 1.00h | 250.00 | 250.00 | - |
| 08/26/2021 | 🕐 | Work on settlement. <br> 🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Louis Cohan | 0.80h | 445.00 | 356.00 | - |
| 08/26/2021 | 🕐 | Review and send settlement correspondence. <br> 🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 0.60h | 250.00 | 150.00 | - |
| 08/25/2021 | 🕐 | Emails re settlement. Email to Costolnick re discovery issues and settlement. <br> 🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Louis Cohan | 0.60h | 445.00 | 267.00 | - |
| 08/25/2021 | 🕐 | Call with opposing counsel / Review correspondence. <br> 🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 0.30h | 250.00 | 75.00 | - |
| 08/24/2021 | 🕐 | Continued preparing responses to written discovery/ Reviewing docs sent from clients / Settlement discussions with clients and | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 3.00h | 250.00 | 750.00 | - |
| | | | | | **77.70h** | | **$24,495.00** <br> 77.7h | **$0.00** <br> 0.0h |

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|------|------|-------------|--------|------|-----|----------|------------------|--------------|
| | | opposing counsel via phone and email.<br>🟡 Non-billable | | | | | | |
| 08/23/2021 | 🕐 | Email to clients / Resume preparing discovery responses for each client.<br>🟡 Non-billable | Tyndall-AEVEX-00571<br>Aevex Aerospace | Emily Cohan | 1.50h | 250.00 | 375.00 | - |
| 08/19/2021 | 🕐 | Review correspondence, call to opposing counsel, and calendar deadlines.<br>🟡 Non-billable | Tyndall-AEVEX-00571<br>Aevex Aerospace | Emily Cohan | 0.30h | 250.00 | 75.00 | - |
| 08/18/2021 | 🕐 | Email to opposing counsel re: resuming discovery / Reviewed correspondence.<br>🟡 Non-billable | Tyndall-AEVEX-00571<br>Aevex Aerospace | Emily Cohan | 0.40h | 250.00 | 100.00 | - |
| 08/12/2021 | 🕐 | TC Costolnick.<br>🟡 Non-billable | Tyndall-AEVEX-00571<br>Aevex Aerospace | Louis Cohan | 0.10h | 445.00 | 44.50 | - |
| 08/11/2021 | 🕐 | Email to opposing counsel.<br>🟡 Non-billable | Tyndall-AEVEX-00571<br>Aevex Aerospace | Emily Cohan | 0.20h | 250.00 | 50.00 | - |
| 08/06/2021 | 🕐 | Review correspondence.<br>🟡 Non-billable | Tyndall-AEVEX-00571<br>Aevex Aerospace | Emily Cohan | 0.10h | 250.00 | 25.00 | - |
| 08/05/2021 | 🕐 | Review correspondence / finalize settlement documents.<br>🟡 Non-billable | Tyndall-AEVEX-00571<br>Aevex Aerospace | Emily Cohan | 1.20h | 250.00 | 300.00 | - |
| 08/04/2021 | 🕐 | Complete Settlement Analysis and prepare and email detailed analysis to clients. Settlement | Tyndall-AEVEX-00571<br>Aevex Aerospace | Louis Cohan | 2.20h | 445.00 | 979.00 | - |
| | | | | | **77.70h** | | **$24,495.00**<br>77.7h | **$0.00**<br>0.0h |

| Date ▼ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | email to opposing counsel.<br>🟡 Non-billable | | | | | | |
| 08/04/2021 | 🕐 | Review correspondence / prepare settlement agreements and motion.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 2.90h | 250.00 | 725.00 | - |
| 08/03/2021 | 🕐 | Study the file. TC and email opposing counsel. Legal research re computer exemption. Analyze payroll records and begin OT calculation.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Louis Cohan | 8.60h | 445.00 | 3,827.00 | - |
| 08/03/2021 | 🕐 | Review email from opposing counsel / discuss next steps / email to Tyndalls re: settlement / cancel court reporter / research regarding computer professional exemption.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 0.80h | 250.00 | 200.00 | - |
| 08/02/2021 | 🕐 | Emails re depositions.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Louis Cohan | 0.30h | 445.00 | 133.50 | - |
| 08/02/2021 | 🕐 | Respond&Review emails / Review docs from Vanessa and prepare discovery responses.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 2.10h | 250.00 | 525.00 | - |
| 07/30/2021 | 🕐 | Email Opposing counsel re settlement.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Louis Cohan | 0.10h | 445.00 | 44.50 | - |
| | | | | | **77.70h** | | **$24,495.00**<br>77.7h | **$0.00**<br>0.0h |

# Activities Export

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|------|------|-------------|--------|------|-----|----------|------------------|--------------|
| 07/30/2021 | 🕐 | Reviewed consent motion to sub counsel / Email to client / Reviewed LRC email to opposing counsel.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 0.30h | 250.00 | 75.00 | - |
| 07/28/2021 | 🕐 | Prepared response to 30b6 letter and researched authority to support response to objections.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 1.30h | 250.00 | 325.00 | - |
| 07/27/2021 | 🕐 | Prepared response to opposing counsels letter re: 30b6 deposition / Reviewed consent motion to sub counsel and proposed order.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 0.70h | 250.00 | 175.00 | - |
| 07/27/2021 | 🕐 | TC Costolnick.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Louis Cohan | 0.10h | 445.00 | 44.50 | - |
| 07/26/2021 | 🕐 | Call to client Vanessa Tyndall / worked on response to opposing counsel's letter.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 0.20h | 250.00 | 50.00 | - |
| 07/22/2021 | 🕐 | Prepared response to 30(b)(6) letter from opposing counsel.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 1.20h | 250.00 | 300.00 | - |
| 07/21/2021 | 🕐 | Email to clients / Reviewed 30(b)(6) letter / worked on discovery responses.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 2.90h | 250.00 | 725.00 | - |
| 07/21/2021 | 🕐 | Review email from Emily to | Tyndall-AEVEX-00571 | Louis | 0.60h | 445.00 | 267.00 | - |
| | | | | | **77.70h** | | **$24,495.00**<br>77.7h | **$0.00**<br>0.0h |

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | Vanessa. Review Objections to Rule 30(b)(6) deposition Notice.<br>🟡 Non-billable | Aevex Aerospace | Cohan | | | | |
| 07/20/2021 | 🕐 | Review documents received from Larry.<br>🟡 Non-billable | Tyndall-AEVEX-00571<br>Aevex Aerospace | Louis Cohan | 2.00h | 445.00 | 890.00 | - |
| 07/20/2021 | 🕐 | Emails regarding discovery extension for Def and other discovery issues / Emails to clients / Call with clients and LRC.<br>🟡 Non-billable | Tyndall-AEVEX-00571<br>Aevex Aerospace | Emily Cohan | 1.80h | 250.00 | 450.00 | - |
| 07/19/2021 | 🕐 | Emails regarding discovery extension for Def.<br>🟡 Non-billable | Tyndall-AEVEX-00571<br>Aevex Aerospace | Emily Cohan | 0.20h | 250.00 | 50.00 | - |
| 07/12/2021 | 🕐 | Prepared discovery responses and Reviewed documents to produce to CSG / Prepared and sent Amended depo notice to opposing counsel / rescheduled court reporter.<br>🟡 Non-billable | Tyndall-AEVEX-00571<br>Aevex Aerospace | Emily Cohan | 3.10h | 250.00 | 775.00 | - |
| 07/09/2021 | 🕐 | Reviewed discovery information from client.<br>🟡 Non-billable | Tyndall-AEVEX-00571<br>Aevex Aerospace | Emily Cohan | 0.60h | 250.00 | 150.00 | - |
| 07/08/2021 | 🕐 | Reviewed discovery docs from defendants / drafted and sent email to client / Call with client.<br>🟡 Non-billable | Tyndall-AEVEX-00571<br>Aevex Aerospace | Emily Cohan | 1.60h | 250.00 | 400.00 | - |
| | | | | | **77.70h**<br>77.7h | | **$24,495.00**<br> | **$0.00**<br>0.0h |

# Activities Export

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 07/06/2021 | ⏱ | Drafted and sent email to opposing counsel <br> 🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 0.20h | 250.00 | 50.00 | - |
| 07/02/2021 | ⏱ | Review Defendant's disclosures. <br> 🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Louis Cohan | 0.30h | 445.00 | 133.50 | - |
| 06/30/2021 | ⏱ | Review answer to amended complaint. <br> 🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Louis Cohan | 0.30h | 445.00 | 133.50 | - |
| 06/30/2021 | ⏱ | Reviewed amended complaint / research. <br> 🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 0.50h | 250.00 | 125.00 | - |
| 06/29/2021 | ⏱ | Review and revise Initial disclosures. <br> 🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Louis Cohan | 0.30h | 445.00 | 133.50 | - |
| 06/29/2021 | ⏱ | Revised initial disclosures/ Phone call with clients/ filed disclosures. <br> 🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 1.70h | 250.00 | 425.00 | - |
| 06/28/2021 | ⏱ | Revised initial disclosures/email to clients. <br> 🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 0.70h | 250.00 | 175.00 | - |
| 06/26/2021 | ⏱ | Review and respond to email from clients. <br> 🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Louis Cohan | 0.40h | 445.00 | 178.00 | - |
| 06/25/2021 | ⏱ | Revised initial disclosures and sent to client for info. <br> 🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 0.50h | 250.00 | 125.00 | - |
|  |  |  |  |  | **77.70h** <br> 77.7h | | **$24,495.00** | **$0.00** <br> 0.0h |

# Activities Export

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 06/24/2021 | 🕐 | Schedules court reporter for depo and resolved discovery filing issue / Prepared initial disclosures.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 1.20h | 250.00 | 300.00 | - |
| 06/23/2021 | 🕐 | Review and revise discovery requests.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Louis Cohan | 0.60h | 445.00 | 267.00 | - |
| 06/23/2021 | 🕐 | Prepared discovery documents, filed, and sent to opposing counsel.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 1.80h | 250.00 | 450.00 | - |
| 06/22/2021 | 🕐 | Email to Emily re initial disclosures.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Louis Cohan | 0.10h | 445.00 | 44.50 | - |
| 06/22/2021 | 🕐 | Re filed Litigant's Bill of rights / saved docs to server and put deadlines on calendar.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 0.30h | 250.00 | 75.00 | - |
| 06/21/2021 | 🕐 | Saved upcoming deadlines / Prepared discovery / Prepared and filed Notice of ADR.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 1.30h | 250.00 | 325.00 | - |
| 06/18/2021 | 🕐 | Email to tyndall's regarding ADR form.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 0.10h | 250.00 | 25.00 | - |
| 06/17/2021 | 🕐 | Prepared discovery and reviewed rules regarding initial disclosure report.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 1.00h | 250.00 | 250.00 | - |
| | | | | | **77.70h** | | **$24,495.00**<br>77.7h | **$0.00**<br>0.0h |

# Activities Export

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|------|------|-------------|--------|------|-----|----------|------------------|--------------|
| 06/16/2021 | 🕐 | Review and revise Motion to Motion for Substitution. Emails to opposing counsel. Work on Rule 26 Disclosures. Email to clients. Begin preparing discovery. Review Order. Email to clients.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Louis Cohan | 0.80h | 445.00 | 356.00 | - |
| 06/16/2021 | 🕐 | Finalized Notice of Substitution of Counsel, made changes to 26(f) report, and prepared discovery requests.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 2.30h | 250.00 | 575.00 | - |
| 06/15/2021 | 🕐 | Prepared notice of substitution of counsel / Call with client to discuss facts of case.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 2.70h | 250.00 | 675.00 | - |
| 06/15/2021 | 🕐 | Study and download portions of the Docket. Prepare Amended Complaint, Response to Motion to Dismiss and Substitution of Counsel. TC Larry Tyndall.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Louis Cohan | 5.80h | 445.00 | 2,581.00 | - |
| 06/14/2021 | 🕐 | Prepared consent motion to extend deadlines and notice of substitution of counsel for each party.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 1.40h | 250.00 | 350.00 | - |
| 06/11/2021 | 🕐 | Created contacts for clients / Created draft demand letter.<br>🟡 Non-billable | Tyndall-AEVEX-00571 Aevex Aerospace | Emily Cohan | 0.50h | 250.00 | 125.00 | - |
| | | | | | **77.70h** | | **$24,495.00**<br>77.7h | **$0.00**<br>0.0h |