IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

VANESSA TYNDALL and LARRY TYNDALL,

    Plaintiffs,

v.

COMPANION SECURITY GROUP, LLC.,

    Defendant.

CV 121-016

**O R D E R**

Before the Court is the Parties' revised "Joint Motion for Approval of Settlement Agreements and Dismissal with Prejudice." (Doc. 70.) Plaintiffs assert claims against Companion Security Group, LLC. ("CSG") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*, as amended, and seek to recover overtime wages, liquidated damages, attorneys' fees, and any other relief the Court deems proper. (Doc. 43, at 1.) The Parties previously submitted a proposed settlement, which the Court denied on December 22, 2021. (Doc. 68.) Pursuant to Eleventh Circuit precedent and the FLSA, the Court is required to scrutinize the proposed settlement agreements for fairness before approving them and entering judgment. For the following reasons, the Parties' motion is **GRANTED**.

As the Court previously held, "[i]f a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,]" then the court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982). When the employee is represented by counsel in an adversarial context, there is some assurance that "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." Id. The settlement can cover unpaid overtime compensation, liquidated damages, reasonable attorney's fees, and costs of the action. 29 U.S.C. § 216(b).

In this case, the Court previously found the existence of a bona fide dispute and that the settlement amounts are reasonable. (Doc. 68, at 4, 9.) The Parties have removed the non-disparagement provision and overly-broad release provision from their proposed settlements, and have provided documentation in support of their claim for attorney's fees. (Doc. 70, at 23-33.) Specifically, in considering the Parties' proposed award of attorney's fees, the Court notes the applicable Johnson factors, including time and labor expended as well as the customary fee and type of fee. See Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 n.2 (11th Cir. 2008). In this case, the Parties request a total payment of $20,800.00 for attorney's fees. Plaintiffs' attorneys report

2

spending 77.7 hours on this case, with hourly rates of $445.00 for Attorney Louis Cohan and $250.00 for Attorney Emily Cohan for a total of $24,495.00.  (Doc. 70, at 24-33.)  While this Court has previously determined a reasonable billing rate in the Augusta market is $300 per hour, the Court notes that reducing Mr. Cohan's hourly rate to this amount would result in a fee award of almost exactly the requested amount of $20,800.00.  See Whitesell Corp. v. Electrolux Home Prods., Inc., No. CV 103-050, 2019 WL 1714135, at *2 (S.D. Ga. Apr. 17, 2019) (citations omitted).  The Court further notes the skill and experience of the attorneys in this type of case, and that the award was not based on a contingency fee.  Accordingly, the requested amount of attorney's fees is reasonable.

Ultimately, the Court is satisfied that the Parties' settlements represent a fair and reasonable compromise.  Accordingly, the Court **GRANTS** the Parties' motion and **APPROVES** their settlements.  (Doc. 70.)  Because the Parties request twenty-one (21) days to complete their settlements, the case **SHALL REMAIN OPEN** for a period of twenty-one (21) days.  If neither party seeks relief from the Court by Friday, February 18th, 2022, this case **SHALL BE DISMISSED WITH PREJUDICE**.  At that time, unless otherwise directed by the Court, the Clerk shall **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 28th day of January, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA